IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ADAM JOSE VALDEZ                §
                                §
VS.                             §        ACTION NO. 4:10-CV-439-Y
                                §
PENTAGROUP FINANCIAL, LLC.      §

### ORDER PARTIALLY GRANTING AMENDED MOTION FOR FEES AND COSTS

Pending before the Court is Plaintiff's Amended Motion for Attorney's Fees and Costs (doc. 79). After review of the motion, the related briefs, the evidence highlighted therein, and the applicable law, the Court concludes that the motion should be partially granted.

Plaintiff filed this suit in June 2010 under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, contending that Defendant violated the act when attempting to collect a $3200 debt Plaintiff allegedly owed to Toyota. Specifically, Plaintiff's complaint alleged that Defendant initially contacted him without identifying that it was attempting to collect a debt and that Defendant contacted him once at 7:15 a.m.[1] Plaintiff's complaint sought statutory damages in the amount of $1,000 plus costs and reasonable attorneys' fees. Approximately a year and a half later, on the date this case was set for trial, the parties reached a settlement whereby Plaintiff received $1,000 from Defendant and the issue of attorney's fees and costs would be submitted to the Court. Plaintiff now seeks an award of $30,547.50 in attorney's fees and

---

[1]Plaintiff ultimately abandoned his claim regarding the alleged 7:15 a.m. phone call. (Pl.'s Summ. J. Resp. Br. [doc. 39] 12.)

costs.

Defendant spends a good portion of its response brief contesting whether Plaintiff is a prevailing party under the FDCPA so as to justify an award of fees and costs.  One is a prevailing party for purposes of an award of attorney's fees and costs if he "'succeed[s] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978)).  The FDCPA makes a debt collector who has failed to comply with its terms liable to the plaintiff for actual damages plus any additional damages the Court may allow, not to exceed $1000.  *See* 15 U.S.C. § 1692k(a).  Inasmuch as Plaintiff recovered $1000 from Defendant--the maximum amount of additional damages permitted under the FDCPA and the entirety of damages sought in his complaint--the Court concludes that the parties' settlement sufficiently altered "the legal relationship of the parties in a manner which Congress sought to promote in the fee statute," so as to support an award of fees and costs.  *Tex. State Teachers Assoc. v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989) (interpreting 42 U.S.C. § 1988); *see also Farrar v. Hobby*, 506 U.S. 103, 111, 114 (1992) (holding that "to qualify as a prevailing party . . . [t]he plaintiff must obtain an enforceable judgment against the defendant from who fees are sought . . . or comparable relief through a consent decree or settlement," and "the prevailing party inquiry does not turn on the magnitude of the relief obtained"); *Associated Builders v. Contractors of La.*, 919 F.2d 374, 377-78 (5th Cir. 1990) (noting

that a "plaintiff may 'prevail' in a case that is settled").

The fact that Plaintiff is a prevailing party does not, however, mean that he is entitled to the entirety of the fees and costs he seeks.  Instead, this Court must ascertain the amount of Plaintiff's **reasonable** fees.  *See* 15 U.S.C. § 1692k(a)(3) (providing that a successful FDCPA plaintiff may recover "the costs of the action, together with a reasonable attorney's fee as determined by the court").  To do this, this Court must use the lodestar method:

> This Circuit utilizes the "lodestar method" to calculate attorneys' fees.  Initially, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rate of the partici-pating lawyer.  The lodestar is then computed by multiply-ing the number of hours reasonably expended by the reasonable hourly rate.  The district court may then adjust the lodestar upward or downward depending on the respective weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

*Forbush v. J.C. Penney Co.*, 98 F.3d 817, 821 (5th Cir. 1996).  The *Johnson* factors include:

(1)  the time and labor required;

(2)  the novelty and difficulty of the questions;

(3)  the skill requisite to perform the legal service properly;

(4)  the preclusion of other employment by the attorney due to acceptance of the case;

(5)  the customary fee;

(6)  whether the fee is fixed or contingent;

(7)  time limitations imposed by the client or the circum-stances;

(8)  the amount involved and the results obtained;

(9)  the experience, reputation, and ability of the attorneys;

(10) the "undesirability" of the case;

(11) the nature and length of the professional relationship with the client;

(12) awards in similar cases.

*See Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).  Several of these factors are, however "subsumed in the initial lodestar calculation and should not be double counted."[2] *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). Plaintiff bears the burden of substantiating both the requested hours and the hourly rate.  *See Hensley*, 461 U.S. at 437.

Plaintiff's motion requests that attorney's fees be awarded as follows:

| | |
|---|---|
| Scott Cohen | $405/hour for 2.0 hours = $810 |
| Peter Cozmyk | $285/hour for 6 hours = $1710 |
| Adam Hill | $255/hour for 70 hours = $17850 |
| Kimberly Lucas | $255/hour for 3.5 hours = $892.50 |
| Alicia Mandolini | $255/hour for 23.5 hours = $5992.50 |
| Matthew Slodowy | $225/hour for 1.4 hours = $357 |
| Paralegals | $125/hour for 20.5 hours = $2562.50 |

(Pl.'s Mot [doc. 79] 9; Pl.'s App. [doc. 80] 1.)  The Court concludes that all rates are reasonable based upon the attorney's years of experience and comparable rates awarded in this area.[3]  *See* Pl.'s App. (doc. 80) 28 (declaration of local counsel in support of reasonableness of hourly rates), 54 (reflecting hourly rates for

---

[2]Indeed, the parties only appear to address the first, second, fifth, eight, ninth, and eleventh factors, and they do so in the context of assessing the reasonableness of hours requested by Plaintiff.  As a result, the Court has done so as well.

[3]All rates seem to be on the high end, but the Court does not believe them to be unreasonably so.

consumer-law attorneys in Texas); *Merrick v. Scott*, No. 3:10-CV-2172-D, 2011 WL 1938188, *9 (N.D. Tex. May 20, 2011) ("$290 per hour is a reasonable rate for a sixth-year associate practicing consumer law in this community") (Fitzwater, J.); *Brown v. Phoenix Recovery Group*, No. 3:09-CV-1319-D, 2009 WL 4907302, *2 (N.D. Tex. Dec. 21, 2009) (Fitzwater, J.) (concluding that rates ranging from $175 to $265 per hour were reasonable based upon the attorneys' respective levels of experience and the rates prevalent in the Northern District of Texas); *Purdie v. Ace Cash Express, Inc.*, No. Civ. A. 3:01-CV-1754-L, 2003 WL 22976611, *9 (N.D. Tex. Dec. 11, 2003) (approving hourly rates of $75 to $125 per hour for paralegals).

It is more difficult, however, to ascertain the reasonableness of the hours that the attorneys for Plaintiff spent on this fairly simple case.  Plaintiff requests compensation for almost 127 hours of attorney and paralegal time.  To prove the amount of hours reasonably spent on a case, a fee applicant is required to submit meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998). The Court concludes that Plaintiff has submitted sufficiently detailed time records.

Nevertheless, it is unclear from Plaintiff's supporting evidence whether counsel exercised "billing judgment," which consists of "winnowing the hours actually expended down to the hours reasonably expended." *Case*, 157 F.3d at 1250; *Walker v. U.S. Dep't of Housing*

*and Urban Dev.,* 99 F.3d 761, 769 (5th Cir. 1996) ("billing judgment . . . refers to the usual practice of law firms in writing off unproductive, excessive, or redundant hours"). None of the attorneys indicate in their declarations or otherwise that they have reviewed the time records and deleted unproductive, excessive, or redundant hours.

"The proper remedy when there is no evidence of billing judgment is to reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment." *Walker*, 99 F.3d at 770; *see also Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1202-03 ("[t]here is no requirement . . . that district courts identify and justify each disallowed hour.  Nor is there any requirement that district courts announce what hours are permitted for each legal task. . . . A general reduction of hours claimed in order to achieve what the court determines to be a reasonable number is not an erroneous method, so long as there is sufficient reason for its use.").  As a result, fifteen percent will be deducted from each attorney's hours due to Plaintiff's failure to demonstrate that billing judgment was exercised.  *See Walker*, 99 F.3d at 770 (concluding that fifteen percent was an appropriate reduction when there was no evidence presented reflecting the exercise of billing judgment).

Additionally, "[h]ours that an attorney would not properly bill to his or her client cannot reasonably be billed to the adverse party, making certain time presumptively unreasonable." *Case*, 157 F.3d at 1250.  Several entries include time spent reviewing the file and this Court's local rules and standing orders, something with which counsel

should have already been familiar. *Cf. Case*, 157 F.3d at 1253 ("time spent reading background material designed to familiarize the attorney with the area of the law would normally be absorbed into a firm's overhead"). Other entries include time spent by different attorneys "opening the file in database," "preparing Amicus Precedent to track case," "diarying events," and "book[ing] flights," (Pl.'s App. [doc. 80] 4-14), all of which could have been performed by secretarial staff. *See Eiden v. Thrifty Payless, Inc.*, 407 F. Supp. 2d 1165, 1171 (E.D. Cal. 2005) ("the salaries and benefits paid to support staff are a part of the usual and ordinary expenses of an attorney in his practice, and are properly classified as overhead"); *Hagan v. MRS Assocs., Inc.*, No. Civ. A. 99-3749, 2001 WL 531119, *9 (E.D. La. May 15, 2001) ("Normally, clerical or secretarial costs are part of an attorney's office overhead and are reflected in the billing rate."). Because most of these time entries are mixed in with other tasks such that it is impossible to determine the exact amount of time spent on these matters, the Court concludes that another ten percent reduction in hours is appropriate.

Plaintiff also seeks recovery for hours spent by no less than six attorneys, although one attorney easily could have handled all matters herein. Indeed, several of the entries include time spent in interoffice conferences, emailing other counsel, and for differing attorneys to review the file. Because these tasks are again combined in the time records with other recoverable time, the Court concludes that a ten percent reduction in hours is appropriate to compensate for time spent getting all six attorneys up to speed on the case and

to account for duplicated efforts.  *See Schlacher v. Law Offices of Phillip J. Rotche & Assocs.*, 574 F.3d 852, 855, 858 (affirming district court's reduction in hours sought by four attorneys in FDCPA case "because their work necessarily overlapped and one competent attorney would have sufficed").

Defendant also objects to Plaintiff's attempt to recover for time spent on its application for attorney's fees.  Defendant erroneously contends that such time is not recoverable.  *See Cruz v. Hauck*, 762 F.2d 1230, 1233 (5th Cir. 1985) ("It is settled that a prevailing plaintiff is entitled to attorney's fees for the effort entailed in litigating a fee claim and securing compensation").  Defendant also complains that Plaintiff seeks 2.3 hours for time he expects his counsel will spend reviewing Defendant's response to the motion for fees and preparing a reply.  Though the Court would generally be disinclined to allow "anticipated" time, given the length of Defendant's response brief and appendix and the fact that Plaintiff did file a reply, the Court finds 2.3 hours for that effort imminently reasonable.

Finally, Defendant points out that "'the most critical factor'" in determining the reasonableness of the award "'is the degree of success obtained.'"  *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)).  Defendant then suggests that because Plaintiff's recovery is for a "technical violation" of the FDCPA for which he received "nominal damages," his fees and costs should be substantially reduced if not disallowed. (Def.'s Resp. [doc. 83] 18-20.)  Given the fact that  Plaintiff

survived Defendant's summary-judgment motion and ultimately recovered the maximum amount of statutory damages allowed under the FDCPA, the Court is disinclined to agree with Defendant's characterization of his recovery as either technical or nominal.[4]

Nevertheless, the Court is mindful of the fact that Plaintiff sought no actual damages as a result of Defendant's actions, and that his claims were largely based upon alleged deficiencies in Defendant's initial contact with him.  During the course of this litigation, the Court saw no evidence tending to suggest that Defendant was unnecessarily harassing Plaintiff in attempting to collect the Toyota debt.  Defendant contends that in actuality this case was only about racking up attorney's fees.  Judging by the nature of Plaintiff's claims, the apparently sparse contact between Plaintiff and Defendant before suit was filed, and how difficult it was for Defendant's general counsel, Andrew J. Marancik, to get a response from Plaintiff's lead counsel, Peter J. Cozmyk, to his emails sent immediately after suit was filed requesting information about Plaintiff's claims and suggesting that the parties engage in early settlement discussions, the Court is inclined to agree.

Indeed, the Court wonders whether this case might not have settled soon after it was filed had Cozmyk personally attempted to

---

[4]The Court denied Defendant's second summary-judgment motion as having been filed in contravention of local civil rule 56.2(b), which permits only one summary-judgment motion.  The Court further noted, however, that had it reached the merits of the motion, at least a portion of Plaintiff's claims would have survived summary judgment due to Defendant's failure to demonstrate that there were no material issues of fact regarding whether "Ms. Matthews" failed to identify herself when she first attempted to contact Plaintiff by telephone. (Order Denying Motion for Summary Judgment and Dismissing Withdrawn Claim With Prejudice [doc. 55] 2-3.)

negotiate in good faith as requested by Marancik.  Instead, it appears that Cozmyk ignored Marancik's repeated emails and voice mails seeking an early resolution to the matter, delayed responding to the $1750 settlement offer Marancik tendered three weeks after suit was filed, ultimately had another attorney in his firm relay a $3750 counteroffer to Marancik, and then continued to ignore Defendant's repeated requests to negotiate an amicable resolution in a timely fashion. (Def.'s App. [doc. 84] 21-38.)  As a result of this delay and inattention to repeated efforts to settle a fairly innocuous and relatively easy legal claims, the Court will reduce Plaintiff's hours by another twenty-five percent.  *See Lanasa v. City of New Orleans*, 619 F. Supp. 39, 51 (D.C. La. 1985) (reducing attorney-fee request by twenty-five percent in part because "a settlement could have been reached much earlier"); *cf. In re Equity Funding Corp of Am.*, 438 F. Supp. 1303, 1328 (D.C. Cal. 1977) ("a Court must not hesitate to reduce the lodestar computed when the result obtained is the product of an unreasonably extended proceeding").

Consequently, a sixty percent reduction in the requested hours is appropriate.  Thus, Plaintiff shall have and recover attorney's fees from Defendant in the total amount of $12,053.00 as follows:

```
Scott Cohen        $405 for .8 hours = $ 324.00
Peter Cozmyk       $285 for 2.4 hours = $ 684.00
Adam Hill          $255 for 28 hours = $ 7,140.00
Kimberly Lucas     $255 for 1.4 hours = $ 357.00
Alicia Mandolini   $255 for 9.4 hours = $ 2,397.00
Matthew Slodowy    $225 for .56 hours = $ 126.00
Paralegals         $125 for 8.2 hours = $ 1,025.00
```

Additionally, Plaintiff shall recover costs of $415, for a total fees-and-costs recovery of $12,468.

        SIGNED April 2, 2012.


                                    _____
                                    TERRY R. MEANS
                                    UNITED STATES DISTRICT JUDGE